UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

*Plaintiff,*

*vs.* Case No. 24-cr-164

PETER BRAUN,

*Defendant*.

---

**OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON BRAUN'S MOTION TO SUPPRESS**

On December 9, 2024, Peter Braun filed a motion to suppress the fruits of a warrantless search of his email files. Dkt. 20. Braun's motion raises the question of whether police effect a search when they view images attached to a NCMEC report that had not been viewed by an electronic service provider (ESP). Two circuits have already concluded that such actions constitute a search, and another has suggested as much, though the Seventh Circuit has not yet addressed this issue. Magistrate Judge William Duffin sidestepped that question, finding that even if it was an illegal search, the good faith doctrine applies. Braun objects to this finding. And because the viewing of his private email files was a search, he asks the Court to grant his motion.

## I. Background

Braun's briefs (Dkts. 20, 37) and Magistrate Judge Duffin's Recommendation and Order (Dkt. 38) set forth both the factual and legal background relevant to Braun's motion. At base, law enforcement received a NCMEC alert implicating Peter Braun in

uploading two images of child pornography. Without a warrant, DCI Special Agent Aaron Koehler opened the files attached to the NCMEC report, observed their contents, and concluded that they were child pornography. Based on that conclusion, law enforcement obtained a warrant to search Braun's residence and any electronic media within it.

Whether law enforcement's initial review of the files amounts to a search is unsettled. Two circuit courts of appeal, the Second and Ninth Circuits, have found that it is. *See United States v. Wilson*, 13 F.4th 961 (9th Cir. 2021); *United States v. Maher*, 120 F.4th 297 (2d Cir. 2024). Two others, the Fifth and Sixth Circuits, have found that it is not. Those cases turn on the application of the private search doctrine. *See United States v. Reddick*, 900 F.3d 636 (5th Cir. 2018); *United States v. Miller*, 982 F.3d 412 (6th Cir. 2020). As Magistrate Judge Duffin correctly noted, under the private search doctrine, government "authorities typically may repeat a private search already conducted by a third party but may not expand on it." Dkt. 38 at 4 (quoting *United States v. Bebris*, 4 F.4th 551, 560 (7th Cir. 2021)). *Id.*

The Second and Ninth Circuits concluded that viewing the image file is a search because it expands the scope of the private search and reveals more information than the private search revealed, namely the contents of the file. In contrast, the Fifth and Sixth Circuits concluded that because hatch matching is reliable proof that the image contains child pornography, reviewing the image only confirms that fact. Magistrate Judge Duffin briefly addressed the competing rationales, and though the court declined to make a

finding, noted that the officer's actions were "likely not" a search. Dkt. 38 at 10. Instead, the court concluded that suppression was not appropriate under the good faith doctrine because the officer's actions were objectively reasonable considering the Supreme Court's holding in *Jacobsen* and "lack of any authority warning against opening the privately reported, hash-matched files." Dkt. 38 at 12.

**II. Analysis**

This objection won't delve into the question of whether Agent Koehler conducted a search when he viewed the images, as Magistrate Judge Duffin did not resolve that question, and the parties have briefed that issue. Braun incorporates those briefs by reference here. But there is one additional case, not yet cited in the parties' briefs, that the defense wants to highlight for the Court—*United States v. Jeffery*, No. 23-4264, 2024 WL 4866686 (4th Cir. Nov. 22, 2024). There, as here, NCMEC received a CyberTipline alert from Microsoft. But unlike here, Microsoft viewed the images and confirmed them to be child pornography before reporting them to NCMEC. The defendant challenged whether Microsoft had actually viewed the images. The district court concluded that it had, and the Fourth Circuit accepted that finding. However, in describing the private search doctrine, the Court stated: "nothing in the record suggests that NCMEC's or [the agent's] searches expanded beyond the scope of Microsoft's search. Like Microsoft, NCMEC and Morse simply looked at the images to confirm that they contained child pornography—nothing more, nothing less." *Id.* at *4. The defense believes that this is the proper lens

through which to view the private search doctrine. But the facts here are different. The ESPs did not look at Braun's files, yet Koehler did. That is more, and it makes it a search.

Magistrate Judge Duffin found that the good faith exception applied here because, as the court saw it, "[w]here the law is unsettled, the police conduct generally must be 'deliberate, reckless, or grossly negligent' [in order] to warrant application of the exclusionary rule." Dkt. 38 at 11 (citing *United States v. Martin*, 807 F.3d 842, 847 (7th Cir. 2015)). This interpretation vastly expands the good faith doctrine. *Martin*, which Magistrate Judge Duffin cited, does not stand for that proposition when the law is unsettled because the law was not "unsettled" in *Martin*. At the time of the search there, which involved the placing of a GPS device on a vehicle, binding Seventh Circuit precedent permitted it. The Supreme Court later overturned that precedent in *United States v. Jones*, 565 U.S. 400 (2012).

The Supreme Court has explicitly made clear that "when the police conduct a search in objectively reasonable reliance *on binding appellate precedent*, the exclusionary rule does not apply." *Davis v. United States*, 564 U.S. 229, 249-50 (2011) (emphasis added). That is, to reap the benefits of the good faith doctrine when conducting a warrantless search, the reasonableness of that decision is determined by whether binding law explicitly authorizes it. But there is no such binding authority here. *Davis* thus cannot be extended to circumstances like this. As Justice Sotomayor wrote in concurrence in *Davis*, "whether exclusion would result in appreciable deterrence in the circumstances of this case is a different question from whether exclusion would appreciably deter Fourth

Amendment violations *when the governing law is unsettled*." *Id*. at 252 (J. Sotomayor, concurring) (emphasis added). Justice Sotomayor continued: "The Court's answer to the former question in this case thus does not resolve the latter one." *Id*.

At the time Agent Koehler viewed the images, the law on this precise issue was unsettled. It had only been addressed by two circuits, neither of which was the Seventh Circuit, and a third had forecasted the novelty and unsettledness of the issue. *See United States v. Ackerman*, 831 F.3d 1292 (10th Cir. 2016). There, then-Judge Gorsuch wrote of the precise issue in this case, that it was an "[i]nteresting question…but one [the court didn't] have to resolve in [that particular] case." *Id*. at 1306.

Magistrate Judge Duffin's application of the good faith exception here would extend it well beyond its intended objectives and well beyond *Davis's* holding. It's one thing to permit warrantless law enforcement conduct where police are relying in good faith on binding precedent. It's something entirely different to permit law enforcement to engage in conduct that is not expressly authorized, and other courts have highlighted the novelty of the issue. The Fourth Amendment commands more. For that reason, the good faith exception to the warrant requirement does not apply here.

Thus, the outcome of this motion does turn on whether the opening of the image was a search. That is so because, as Judge Duffin correctly found, absent the information obtained during the review of the images, the affidavit in support of the search warrant otherwise failed to establish probable cause. Braun asks the Court to adopt the

compelling reasoning of the Second and Ninth Circuits, and rule that Agent Koehler conducted a search when he viewed Braun's personal files.

## III. Conclusion

For the reasons set forth herein and in Peter Braun's motion (Dkt. 20) and reply brief (Dkt. 37), he respectfully asks that the Court enter an order granting his motion to suppress.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2025.

Respectfully submitted,

*/s/ Joshua D. Uller*
Joshua D. Uller, WI Bar #1055173
Federal Defender Services
of Wisconsin, Inc.
411 E. Wisconsin Avenue – Suite 2310
Milwaukee, WI 53202
Tel. (414) 221-9900
Email: joshua_uller@fd.org

*Counsel for Defendant,* Peter Braun